IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03631-DDD-KMT

**CONTINENTAL CASUALTY COMPANY;**
**WESTERN SURETY COMPANY,**

    Plaintiffs,

vs.

**ARROWROCK, LLC;**
**ASI CONSTRUCTORS, INC.;**
**ASI HOLDINGS, LLC;**
**HCP CONSTRUCTORS, INC.;**
**PATEL ENGINEERING, LTD.**
**PATEL ENGINEERING, INC.**
**BHIMSEN BATRA;**
**ELIZABETH B. BOWEN;**
**JOHN F. BOWEN;**
**SONAL PATEL,**

    Defendants.

---

### MOTION TO AMEND THE COMPLAINT AND FOR JURISDICTIONAL DISCOVERY

---

Plaintiffs, Continental Casualty Company, ("Continental"), and Western Surety Company, ("Western"), by and through their attorneys Lambdin & Chaney, LLP, hereby submit their Motion to Amend the Complaint and for Jurisdictional Discovery and in support thereof state as follows:

<u>Conferral pursuant to Local Rule 7.1</u>

In their Response, Plaintiffs state they sought to amend the Complaint and seek jurisdictional discovery. On August 29 at 11:30 a.m. counsel for Plaintiffs sent an email

conferring on these motions. Counsel for Patel Engineering, Ltd. did not respond to this email until just before 10 a.m. this morning. In the meantime, counsel for PEL filed a Reply to the Motion to Dismiss last evening at 8 p.m. (a day before it was due) arguing that Plaintiff had not filed a Motion to Amend or file a Motion for Jurisdictional Discovery but failing to inform the Court that the same had been conferred on that morning and Plaintiffs were awaiting PEL's position on the Motion before it could be filed.

Conferral is further problematic as PEL violated the Court's practice standards by not conferring with Plaintiffs regarding a curative amendment before filing its Motion to Dismiss in violation of the Court's Practice Standard DDD Civ. P.S. III(D)(1).

Plaintiffs believe the First Amended Complaint sufficiently pleads both jurisdiction and its claims against PEL. However, if the Court is not going to deny the Motion to Dismiss at this stage, it should stay ruling on the motion, allow jurisdictional discovery on the issues raised, and then allow amendment with the benefit of having conducted this discovery. In addition, the Court should allow amendment to cure any issues it finds with regard to stating a claim against PEL. Only then would it be proper for the Court to rule on the Motion to Dismiss in anyway other than an outright denial.

## I.     Legal Standard

"When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." ***Budde v. Ling-Temco-Vought, Inc***., 511 F.2d 1033, 1035 (10th Cir. 1975). It is an abuse of discretion

to deny jurisdictional discovery. ***Sizova v. Nat. Inst. of Standards & Tech.***, 282 F.3d 1320, 1326 (10th Cir. 2002).

However, "[t]o obtain jurisdictional discovery, a plaintiff must present a sufficient factual predicate for the establishment of personal jurisdiction." ***Water Pik, Inc. v. H2OFloss***, No. 17-cv-02082-CMA-MJW, 2018 WL 1706276, at *2 (D. Colo. Apr. 9, 2018) (quotation omitted). In other words, Plaintiff must provide the Court with an indication of the type of information and discovery it thinks it may need to combat the dismissal. ***Smith v. United States***, No. 13-cv-01156-RM-KLM, 2014 WL 6515677, at *3 (D. Colo. July 10, 2014).

The Court has discretion to grant a party leave to amend its pleadings. ***Foman v. Davis***, 371 U.S. 178, 182 (1962); *see* Fed.R.Civ.P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given' ". ***Id.*** (quoting Fed.R.Civ.P. 15(a)(2)). Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend his complaint. ***Minter v. Prime Equip. Co.***, 451 F.3d 1196, 1207 (10th Cir.2006). "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their defense to [claims asserted in the] amendment." ***Id.*** (quotation

omitted).

## II. Argument

In its Motion and Reply PEL argues that Sonal Patel, PEL's then Chief Operating Officer in charge of PEL's global subsidiaries, was acting exclusively on her own behalf when she took at least $8,000,000 in loans from PEL to buy her interest in ASI and not only concealed but affirmatively misrepresented this fact to Plaintiffs. It argues this despite the fact a call option agreement existed which states she was holding her shares for their behalf and had to vote as they directed. PEL filed a Motion to Dismiss arguing that Plaintiffs fail to allege sufficient facts to support jurisdiction over PEL and fail to sufficiently allege all the essential elements of their claims against PEL. Plaintiffs dispute these arguments and believe the Court should deny the Motion to Dismiss. However, if the Court does not determine it can merely deny the Motion to Dismiss at this stage, Plaintiffs seek to conduct jurisdictional discovery and to amend the complaint as set forth below.

### A. Jurisdictional Discovery

If the Court does not outright deny the Motion to Dismiss, Plaintiffs seek to conduct jurisdictional discovery. In its reply PEL argues that jurisdictional discovery would not be helpful because Plaintiffs already "deposed" Sonal Patel. This is not accurate. Pursuant to the indemnity agreement, long before this suit was filed, Plaintiffs were able to conduct an examination under oath of Ms. Patel. However, this was not done under the supervision of a court and pursuant to the penalty of perjury nor was there available any process to compel the production of documents. Further, PEL repeatedly argues that

Sonal Patel was acting on her own behalf and she is not to be conflated with PEL. Therefore, Plaintiffs have had no opportunity to seek production of documents or testimony from PEL. If jurisdictional discovery were allowed Plaintiffs would seek information regarding:

- PEL's claimed ownership of ASI. Why it claimed the ownership, how it received information from ASI in Colorado regarding ASI's finances and operation.

- PEL's forum related contacts including its bank accounts, travel to Colorado, real property, investments and companies in which it holds an interest.

- Any direction PEL provided to Sonal Patel regarding ASI's operation or financing and any reporting Sonal Patel provided regarding ASI.

- The loan to Sonal Patel to purchase shares of ASI. The terms of the loan, documentation regarding the loan, when money was advanced and its source.

- The scope of Sonal Patel's duties at PEL specifically with regard to ASI and global subsidiaries and the scope of her authority to act on behalf of PEL.

- PEL's knowledge of the indemnity agreement and knowledge of Sonal Patel entering into the indemnity agreement as well

> as any words or conduct directed towards the same.

- The Call Option Agreement, its creation and execution.
- PEL's operation of ASI after exercising the Call Option Agreement.
- PEL's knowledge that a public works contractor operating in the United States, such as ASI, would need surety bonds in order to be in business and to obtain those bonds and indemnity agreement was required.
- PEL's ownership, management and operation of PEI.

Plaintiff seek both written jurisdictional discovery and a deposition of both PEL and Sonal Patel on facts relevant to the jurisdictional issues.

### B.  Amendment of the First Amended Complaint

Plaintiffs move to file an amended complaint to address any pleading deficiencies identified by the Court as well as the following issues raised by PEL and any new facts revealed through jurisdictional discovery.

- To plead additional facts with regard to the agency of Sonal Patel acting on behalf of PEL in negotiating and entering into the indemnity agreement and making materially false statements in that process.
- To plead any additional facts discovered during jurisdictional discovery which are relevant.
- To plead a fraud claim as opposed to just non-disclosure. To plead

      affirmative misrepresentation with regard to Ms. Patel's agency relationship for PEL, affirmative misrepresentation with regard to the source of the funds financing ASI coming from PEL, and affirmative misrepresentation with regard to PEL's ownership of ASI.

- To allege that Patel Engineering, Inc. is not a functional subsidiary of PEL but instead an alter ego of PEL whose dealings in Colorado are factually the dealings of PEL in Colorado not the dealings of a legitimate and separate foreign subsidiary.

Wherefore, Plaintiffs move the Court for an order allowing jurisdictional discovery and filing of an amended complaint if it does not deny the Motion to Dismiss at this stage and for any such relief the Court deems proper.

DATED this 30th day of August, 2022.

               Respectfully submitted,

By:    */s/ Jerad A. West*
       L. Kathleen Chaney, Esq.
       Jerad A. West, Esq.

       **LAMBDIN & CHANEY, LLP**
       4949 S. Syracuse Street, Suite 600
       Denver, Colorado 80237
       Telephone: (303) 799-8889
       Facsimile: (303) 799-3700
       E-mail: kchaney@lclaw.net; jwest@lclaw.net

- 8 -

*Attorneys for Plaintiffs Continental Casualty Company and Western Surety Company*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 30th day of August, 2022, a true and correct copy of the foregoing Motion to Amend the Complaint and for Jurisdictional Discovery was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Giovanni M. Ruscitti, Esq.
Berg Hill Greenleaf Ruscitti LLP
1712 Pearl Street
Boulder, CO 80302
gmr@bhgrlaw.com
tjp@bhgrlaw.com
*Attorneys for Plaintiffs*

Duncan Eugene Barber, Esq.
Julie Trent, Esq.
Otteson Shapiro, LLP
7979 East Tuffs Avenue, Suite 1600
Denver, CO 80237
dbarber@os.law
jtrent@os.law
*Attorneys for John Bowen and Elizabeth Bowen*

Andrew Garnett, Esq.
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, CO 80202
Andrew.Garnett@dgslaw.com
*Attorney for Defendant Patel Engineering, Inc.*

Spencer L. Sears, Esq.
Esther H. Lee, Esq.
Fox Rothschild, LLP
1225 17th Street, Suite 2200
Denver, Colorado 80202
ssears@foxrothschild.com
elee@foxrothschild.com
Attorneys for Sonal Patel and Bhimsen Batra

Robert Reeves Anderson, Esq.
Arnold & Porter Kaye Scholer LLP
1144 15th St, Ste 3100
Denver, CO 80202
Reeves.Anderson@arnoldporter.com
Attorney for Defendant Patel Engineering Ltd.

        By: *s/ Jerad A. West*
           Jerad A. West

- 9 -