IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03631-DDD-KMT

**CONTINENTAL CASUALTY COMPANY;**
**WESTERN SURETY COMPANY,**

      Plaintiffs,

vs.

**ARROWROCK, LLC;**
**ASI CONSTRUCTORS, INC.;**
**ASI HOLDINGS, LLC;**
**HCP CONSTRUCTORS, INC.;**
**PATEL ENGINEERING, LTD.**
**PATEL ENGINEERING, INC.**
**BHIMSEN BATRA;**
**ELIZABETH B. BOWEN;**
**JOHN F. BOWEN;**
**SONAL PATEL,**

      Defendants.

---

**PLAINTIFFS REPLY IN SUPPORT OF [DOC. 97] MOTION TO AMEND AND MOTION FOR JURISDICTIONAL DISCOVERY**

---

Plaintiffs, Continental Casualty Company, ("Continental") and Western Surety Company, ("Western"), by and through their attorneys Lambdin & Chaney, LLP, hereby reply in support of their Motion to Amend and Motion for Jurisdictional Discovery and in support thereof state:

### I.      Introduction

The Motion to Amend and Motion for Jurisdictional Discovery were made in direct response to Patel Engineering, Limited's ("PEL") Motion to Dismiss, which alleged various factual and legal deficiencies in the Complaint. However, PEL failed to confer before filing the Motion as

the Court's practice standards require.  The purpose of conferral is to determine if any allegations in the Complaint can be modified so as to limit disputed issues or remove the need for the Motion.  The Motion was denied and before PEL can refile its motion, this conferral must occur.  It has not occurred.

As a result, the Motion to Amend and Motion for Jurisdictional discovery remain to be resolved while the substantive issues of the Motion to Dismiss have yet to be commented on by the Court.  The right to amend in response to a motion to dismiss is well established.  Plaintiffs were required to make a separate Motion to Amend in response to the Motion to Dismiss as opposed to only asserting the right in their response or risk waiving that right.  ***Glenn v. First Nat. Bank in Grand Junction***, 868 F.2d 368, 370 (10th Cir. 1989).

While Local Rule 15.1 requires a draft amended complaint attach to a Motion to Amend, under these specific circumstances this should not be required – not yet anyways.  All rules must yield in their interpretation and application to the imperative of Rule 1, to construe and administer the rules to secure the just, speedy and inexpensive determination of every action.  In its Motion to Amend the Complaint and for Jurisdictional Discovery, Plaintiffs ask for the following relief: Jurisdictional discovery be allowed and after the jurisdictional discovery is taken, Plaintiffs be allowed to amend with any facts revealed in that discovery as well as supplement the complaint with regard to any other issues raised in the Motion to Dismiss.  The reason for this order of events is to avoid having to present multiple motions to amend with multiple draft amended complaints (one occurring before jurisdictional discovery and one after) and the inevitable multiple oppositions to those motions and related multiple rounds of briefing.  Clearly, a process that requires but one

- 2 -

Amended Compliant saves time and conserves scant judicial resources.

Next, PEL's response recycles arguments from its already denied Motion to Dismiss and predominantly argues the issue of jurisdiction, not the suitability of jurisdictional discovery or the the liberal standard for amendment to address alleged factual shortcomings in a Complaint. Plaintiffs addressed each of the arguments raised by PEL in the Response to the Motion to Dismiss, and refers to and incorporates those arguments herein.  See [Doc. 92].  PEL transacted business in Colorado.  [Doc. 92] at pp. 6-7.  PEL committed a tort in Colorado.  *Id*. at pp. 8.  The fact PEL did not sign the indemnity agreement is irrelevant, as it improperly and fraudulently concealed its identity and interest.  *Id*. at pp. 9-10, 14-15.  Specific allegations were made that Sonal Patel had the authority to bind PEL and was PEL's agent.  *Id*. at pp. 10-12.  Exercising jurisdiction would not offend the traditional notions of fair play and substantial justice.  *Id*. at pp. 12-14.  The Complaint properly states multiple claims against PEL.  *Id*. at pp. 14-16.

Plaintiffs should not be made to waste their page limited reply on the substantive jurisdictional issues argued by PEL.  The Court would have granted the Motion to Dismiss if it thought PEL's arguments were dispositive but instead denied the motion and referred two issues. The only issues referred were: 1) the motion for jurisdictional discovery and 2) the motion to amend.

PEL engages in the classic straw man logical fallacy and attempts to frame the case as if the only issue is whether PEL signed the indemnity agreement.  PEL would like this to be the issue. However, the actual issue is whether PEL should be bound to the indemnity agreement as if it signed in its own name, or to otherwise be held to reimburse Plaintiffs because of PEL's actions in

having its corporate officer actively misrepresent PEL's ownership and financial interest in ASI[1]

and having its corporate officer sign the agreement on the surface in her personal capacity when in

fact her signature advanced the corporate interest of PEL which was fraudulently concealed and

which Plaintiffs bluntly told PEL's corporate officer if PEL was involved they would not enter into

a surety relationship.

Plaintiffs seek a limited amount of jurisdictional discovery so that an amended complaint

can be drafted with the benefit of discovery into the factual shortcomings alleged by PEL.

## II.    Argument

### a.    Plaintiffs Are Entitled to Jurisdictional Discovery

Plaintiffs did not misrepresent the statement made in ***Sizova v. Nat. Inst. of Standards &***

***Tech.***, 282 F.3d 1320, 1326 (10th Cir. 2002).  See [Doc. 97] at pp. 2-3.  The direct quote from

the case is, "[a]lthough a district court has discretion in the manner by which it resolves an issue

of subject matter jurisdiction under Rule 12(b)(1), a refusal to grant discovery constitutes an

abuse of discretion if the denial results in prejudice to a litigant. ***Id***. (internal quotations

omitted)…Prejudice is present where "pertinent facts bearing on the question of jurisdiction are

controverted ... or where a more satisfactory showing of the facts is necessary." ***Id***.  Here, PEL

challenges several pertinent facts that it claims are relevant to jurisdiction are either

---

[1] ASI stands for ASI Constructors, Inc., ASI is a defendant and is the Colorado based contractor for which Plaintiffs agreed to act as surety.  A key issue in the case is that PEL actually owned a majority interest in ASI and this was concealed through Sonal Patel claiming she was only acting on her own behalf in owning a controlling interest in ASI when in fact PEL owned her shares due to significant investments it made in ASI.  All owners and their spouses (if individuals) are required to sign an indemnity agreement pledging to reimburse Plaintiffs for any losses.

insufficiently plead or lack sufficient specificity.  Accordingly, denying discovery into these facts would prejudice Plaintiffs.

Defendants argue that Plaintiffs fail to allege the extent of the specific agency relationship between Sonal Patel and PEL, fail to allege any specific directions Ms. Patel was given with regard to acting for PEL in ASI's affairs and fail to allege any direction given by PEL to Ms. Patel specifically with regard to the indemnity agreement.  These arguments concern facts that would be known by Ms. Patel and PEL. Therefore, they are properly the subject of jurisdictional discovery. Below are the alleged factual shortcomings PEL argued in its motion, the discovery sought in response to those alleged shortcomings, and categories of documents or testimony requested:

1) [2]The alleged lack of agency relationship between Sonal Patel and PEL with regard to the indemnity agreement, her ownership of a majority share of ASI, and her negotiations with Plaintiffs. *[Doc. 88]* at pp. 2, 5, 8, 9, 10, 13. PEL claims Sonal Patel, PEL's Chief Operating Officer, was acting on her own, and not in conjunction with PEL in owning and operating ASI including in entering into a surety relationship with Plaintiffs.

---

[2] As the requests are generally in reference to ASI, they are limited in time.  ASI was created in December of 2005 and ceased operations in March of 2017.  ASI sought out Plaintiffs to enter into a surety relationship in January of 2009 and the agreement was signed in September of 2009.  Any requests would be limited to these relevant timeframes.

- o Documents including emails, correspondence, and communications between PEL and Sonal Patel or PEI[3] with regard to:

    - PEL's investment in ASI including the terms of the investment, the form of the investment, the amounts, and the timing;

    - Why PEL claimed ASI as a subsidiary;

    - Sonal Patel's role at PEL, ASI, PEI and her responsibilities;

    - Discussions of ASI's need for a surety or the requirement for indemnity in a surety relationship;

    - Who at PEL was responsible for managing its investment in ASI;

    - Reporting from Sonal Patel, PEI and/or ASI to PEL with regard to the operations of ASI, including its operations, performance, claims made on its surety bonds, financial needs, and financial condition (for example, PEL used ASI's audited financial statements to report the value of the investment in disclosures for the Indian Stock Market) and any instructions from PEL to Sonal Patel regarding ASI;

    - The Call Option agreement, its creation and PEL's decision to take control of Sonal Patel's shares in ASI.

---

[3] Patel Engineering, Inc. (PEI) is a defendant, a Colorado based company and a 100% owned subsidiary of PEL

2) The alleged lack of "actual authority" of Sonal Patel, PEL's Chief Operating Officer in charge of global subsidiaries, to represent PEL in a transaction regarding one of its global subsidiaries.  *Id*. at pp. 6, 7, 9, 10.

    o In addition to information sought in 1: Documents including emails, correspondence, and communications other agreements with regard to:

        ▪ Other agreements or transactions Sonal Patel entered into on behalf of PEL or PEI with regard to a subsidiary, and if she required specific authorization to enter into each agreement.

3) The alleged lack of allegations regarding PEL's "words or conduct" directed to Ms. Patel prior to the execution of the Indemnity Agreement.  *Id*. at p. 7.

    o In addition to documents sought in number 1 and 2 above.  Documents including emails, correspondence, and communications regarding:

        ▪ ASI's surety relationships (and its predecessor ASI, RCC) (either with Plaintiffs or with its prior bonding company) including any discussion regarding entering into or maintaining the relationships as well as the required indemnification.

4) PEL argued that business conducted in Colorado by Sonal Patel, its Chief Operating Officer, or by PEI, its wholly owned subsidiary, was only regarding her own separate interests, and not the interest of PEL.  *Id*. at pp. 2, 7, 10.

    o Documents sought in response to 1, 2 and 3.

5) That PEL has insufficient forum related contracts to support general or personal jurisdiction.  *Id*. at pp. 3-5, 10.

- o PEL's contacts with Colorado including property it owns or its subsidiaries own in Colorado;

- o PEL's communications with its officers, directors, or subsidiaries in Colorado;

- o PEL's corporate officers or directors travel to Colorado;

- o PEL's Colorado business including any transactions in Colorado, assets in Colorado, investments in Colorado, or leases it has entered into in Colorado;

6) That travel to Colorado and defending a case in Colorado would offend the notions of fair play and substantial justice.  *Id*. at p. 11.

- o Items sought in response to number 5.

PEL argues Plaintiffs need to identify specifically which documents they seek by name.  Of course, this is a factual impossibility as only PEL knows the title it assigns a document and the form in which it keeps it records.  Imposing an impossible task is the point of PEL's argument. Above Plaintiffs have identified with reasonable specificity the documents they would seek and what factual issues the documents are relevant to. Denying this discovery in light of Defendants challenge to the sufficiency of the factual pleadings would prejudice the Plaintiffs.

       **b.**    *Amendment Would not be futile*

    First, as set forth above, Plaintiffs must have the jurisdictional discovery before it can

propose additional amendments with regard to information sought to be reveled in the jurisdictional discovery as set forth above.  However, several additional amendments will be requested as set forth below.

i.     PEI is only the alter ego of PEL

One area where Plaintiffs seek amendment is to allege Patel Engineering, Inc. is merely an alter ego of Patel Engineering, Ltd.  This is relevant for two reasons: 1) PEI is a Colorado based company incorporated under the laws of Colorado.  *Ex. 1* at p. 3.  If PEI is the alter ego of PEL, then PEL has a direct Colorado presence such that it should be considered "at home" in Colorado and satisfy both general and specific jurisdiction.  In ***Daimler AG v. Bauman***, 571 U.S. 117, 134, 134 S. Ct. 746, 758, 187 L. Ed. 2d 624 (2014) the Supreme Court specifically recognized that a subsidiary which is the alter ego of its parent could subject a parent to even general jurisdiction, *see also*, ***Warad W., LLC v. Sorin CRM USA Inc.***, 119 F. Supp. 3d 1294, 1298 (D. Colo. 2015); 2) PEI's president admits that Sonal Patel was acting as the agent for PEI in owning a controlling interest in ASI.  See ***Exhibit 2***.  If Sonal Patel is the agent for PEI and PEI is the alter ego of PEL then Sonal Patel was agent for PEL in owning and operating ASI. This is one means to defeat Defendants lack of agency theory.

The test for determining if a subsidiary is merely the alter ego of its parent is based on a consideration of a multiple factors, none of which is controlling.  The factors come from ***Griffith v. SSC Pueblo Belmont Operating Co.***, LLC, 381 P.3d 308, 313 (Colo. 2016). Plaintiffs can allege and can support nearly every factor and should be allowed to amend to assert this theory: (1) [t]he parent owns all the stock – PEL owns 100% of PEI, see ***Ex. 1*** at p. 8; (2) both [entities]

have common directors and officers – at relevant points the directors of PEI were Sonal Patel and Rupen Patel and both were directors and officers of PEL, see *Ex. 3* at pp. 4, 5; (3) the parent finances the subsidiary – 100% of PEI's funds came from PEL, see *Ex. 3* at p. 50, ll. 3-8; (4) the parent causes the subsidiary's incorporation – PEI was created by PEL as a holding company for its assets in Colorado– see *Ex. 1* at p. 8; (5) the subsidiary has grossly inadequate capital – "it doesn't have any source of funding that I know of" *Ex. 3*, p. 50 at ll. 3-8; (6) the parent pays salaries or expenses of the subsidiary – there were no salaries paid to the officers and all money for operation came from PEL – *Ex. 3*, p. 47, l. 21 – p. 48, l. 17; (7) the subsidiary has no business except with its parent or subsidiary corporation or no assets except those transferred by its parent or subsidiary – PEL was only a holding company for PEL assets *Ex. 1*, p. 8, the company it was formed to hold ASI RCC and ASI RCC subsequently ceased operations and was merged into PEI – *Ex. 3*, p. 7, l. 21-p. 10, l. 4; (8) directors and officers do not act independently in the interests of the subsidiary – PEL made all decisions for PEI "they did make all the decisions" *Ex. 3* at p. 10, ll. 2-4, the president of PEI only did administrative work as per the instructions of PEL *Ex. 3*, p. 47 - p.48, l.14; (9) formal legal requirements of the subsidiary such as keeping corporate minutes are not observed; unknown (10) distinctions between the parent and subsidiary…are disregarded or confused – PEL claimed ASI as its direct subsidiary, yet when it came time to exercise the call option agreement, PEI – a supposedly separate subsidiary, took control of ASI – *Ex. 4* at p. 8 compared to *Ex. 5*; (11) subsidiaries do not have full board[s] of directors – unknown.  Undoubtedly discovery will reveal more facts to add detail to what is known above.

      c.    <u>Plaintiffs should be allowed to amend to allege affirmative misrepresentation of the agency relationship.</u>

In the Response to the Motion to Dismiss, PEL argues only affirmative misrepresentation of the agency relationship between PEL and Sonal Patel can subject them to liability. [Doc. 88] at p. 14. Plaintiffs seek to amend to add these specific allegations and claim. Currently the fraud-based claim is one for nondisclosure and concealment. [Doc. 14] at ¶¶ 84-93. Plaintiffs seek to add an additional claim for false representation. The elements of false representation are: defendant made a false representation of past or present fact, the fact was material, the defendant knew it was false, and Plaintiff relied on the false representation to its detriment. Colo. Jury Instr., Civil 19:1. Before entering into the surety relationship Plaintiffs specifically inquired if PEL was involved in the financing or ownership of ASI and was told they were not. This was false. See [Doc. 92] at p. 4-5 and [Doc. 92-4 - 92-11]. Plaintiffs were specifically told PEL had no ownership in and was not involved with ASI and relied upon this representation to their detriment. [Doc. 92-7], p. 4.

WHEREFORE, Plaintiffs respectfully request the Court enter an order allowing limited jurisdictional discovery. Plaintiffs further request the Court stay ruling on the Motion to Amend until such time a Second Amended Complaint can be drafted after taking the jurisdictional discovery and presented to the Court for consideration as part of the Motion.

DATED this 4th day of October, 2022.

Respectfully submitted,

By:    */s/   Jerad A. West*_____
L. Kathleen Chaney, Esq.
Jerad A. West, Esq.

**LAMBDIN & CHANEY, LLP**
4949 S. Syracuse Street, Suite 600
Denver, Colorado 80237
Telephone: (303) 799-8889
Facsimile: (303) 799-3700
E-mail: kchaney@lclaw.net; jwest@lclaw.net

*Attorneys for Plaintiffs Continental Casualty Company and Western Surety Company*

### CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1) because it contains 2,647 words, excluding the sections set forth in Standard III(A)(3).

By:    *s/ Jerad A. West*_____
Jerad A. West

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 4th day of October, 2022, a true and correct copy of the foregoing **PLAINTIFFS REPLY IN SUPPORT OF [DOC. 97] MOTION TO AMEND AND MOTION FOR JURISDICTIONAL DISCOVERY** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Giovanni M. Ruscitti, Esq.
Berg Hill Greenleaf Ruscitti LLP
1712 Pearl Street
Boulder, CO 80302
gmr@bhgrlaw.com
tjp@bhgrlaw.com
*Attorneys for Plaintiffs*

Duncan Eugene Barber, Esq.
Julie Trent, Esq.
Otteson Shapiro, LLP
7979 East Tuffs Avenue, Suite 1600
Denver, CO 80237
dbarber@os.law
jtrent@os.law
*Attorneys for John Bowen and Elizabeth Bowen*

Andrew Garnett, Esq.
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, CO 80202
Andrew.Garnett@dgslaw.com
*Attorney for Defendant Patel Engineering, Inc.*

Spencer L. Sears, Esq.
Esther H. Lee, Esq.
Fox Rothschild, LLP
1225 17th Street, Suite 2200
Denver, Colorado 80202
ssears@foxrothschild.com
elee@foxrothschild.com
Attorneys for Sonal Patel and Bhimsen Batra

Robert Reeves Anderson, Esq.
Arnold & Porter Kaye Scholer LLP
1144 15th St, Ste 3100
Denver, CO 80202
Reeves.Anderson@arnoldporter.com
Attorney for Defendant Patel Engineering Ltd.

By:    *s/ Jerad A. West*
       Jerad A. West